UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN EDWARDS<br>CDCR #V-17007,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>N. SCHARR, SERGEANT and BROWN, CORRECTIONAL OFFICER,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-00010-AJB-BLM<br><br>**ORDER DISMISSING AMENDED COMPLAINT [ECF No. 22] PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)(1)** |

On January 4, 2021, Allen Edwards ("Plaintiff" or "Edwards"), currently incarcerated at Richard J. Donovan State Prison ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. The Court denied Edwards's initial IFP Motion because the documents he submitted in support indicated he could afford the filing fee. ECF No. 8. He was given thirty days to pay the filing fee. *Id.*

Instead, on April 9, 2021, Edwards filed a renewed Motion to Proceed IFP, followed by a trust account statement several days later. ECF Nos. 13–14. The Court granted

Edwards's IFP and dismissed his case without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. ECF No. 17. Edwards filed a First Amended Complaint ("FAC") on June 28, 20201. ECF No. 22.

## I. Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Edwards is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether Edwards has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned,

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

Edwards claims he is an "inmate patient in the CDCR Enhanced Outpatient level of care ["EOP"] as well as developmentally disabled ["DDP"] [inmate]." FAC, ECF No. 22 at 3. Because of these designations, he states that he is entitled to "special housing" to protect him from "unwarranted risks of attacks and victimization by other inmates." *Id.* Edwards alleges he told Defendants Scharr and Brown that "he might be assaulted, victimized or coerced by general population inmates," but they told him he was "moving anyway and if [he] refused [he] would be written up [and] put in the 'hole' for obstructing an officer in his duties." *Id.* Edwards claims a "special needs" yard was constructed at RJD to address the victimization of EOP and DDP inmates and that Scharr and Brown knew that placing Edwards in general population was potentially dangerous to him because they had "worked this facility and were well aware of this fact." *Id.* Edwards "begged and pleaded" Scharr and Brown to not move him to general population and showed them his chronos, cane, and other proof of his EOP and DDP status, but "they still forced [him] to move by their threats of disciplinary action against [him.] *Id.* He claims he was physically injured as a result of Scharr's and Brown's actions. *Id.* He seeks "prospective and declaratory relief" in the form of an injunction preventing defendants from "forcing EOP/DDP inmates to move to general population buildings," and imposing further training on defendants regarding "their duty to protect EOP/DDP inmates from assault and victimization by [general population] inmates."

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations

omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. Discussion

The claims Edwards brings in his FAC are similar to the claims he brought in his original complaint but contain less detail. In his FAC, Edwards alleges his Eighth and Fourteenth Amendment rights were violated by Defendants Scharr and Brown. FAC, ECF No. 22 at 3.

a. Eighth Amendment

Threats to both Plaintiff's safety and health are subject to the Eighth Amendment's demanding deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). "A prison official acts with 'deliberate indifference . . . only if the [official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), overruled on other grounds by *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). In addition, a Plaintiff must allege he suffered a physical injury which is more than de minimus. *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *Fournerat v. Fleck*, 2020 WL 4495483 (C.D. California, July 7, 2020).

Edwards has not pointed to any specific threat or risk he faced, but alleges only that, as a general proposition, inmates like himself can be victims of assaultive behavior by other inmates. The risks Edwards claims Scharr and Brown were aware of are only theoretical. Edwards says he "told Scharr and Brown he *might* be assaulted, victimized or coerced by general population inmates," and that "general population inmates *are known to be*

predators of EOP/DDP inmates." FAC at 3. This is insufficient to plausibly allege Scharr and Brown were "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and also actually drew that inference. *Toguchi*, 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 837); *Iqbal*, 556 U.S. 662, 678.

Further, although Edwards alleges he was injured when he "f[e]ll down the stairs, injuring and tearing the tendons in his shoulder [and] causing his ulcers to become inflamed and extreme pain in his abdominal area," *id*. at 8, he has not plausibly alleged that the injury was caused by Scharr's or Brown's actions. *Iqbal*, 556 U.S. 662, 678. He makes no allegations that Scharr or Brown had anything to do with his accident or was present when the accident occurred. *Id*. Accordingly, Edwards has failed to state a § 1983 claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1).

### b. <u>Fourteenth Amendment Equal Protection</u>

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799, (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) and *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). To bring a successful equal protection claim, a plaintiff must allege differential treatment from a similarly situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination").

As with his original complaint, Edwards alleges he is an EOP and DDP inmate who is entitled to "specialized housing" but that he was improperly moved to general population housing by Scharr and Brown. FAC at 3. But Edwards has not alleged any facts to plausibly show he was treated differently from any other similarly situated inmate. *Washington*, 426 U.S. at 239; *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999); *Iqbal*, 556 U.S. at 662, 678. Without this "factual content," he has not plausibly alleged an equal protection

violation. *Cleburne*, 473 U.S. at 439; *Iqbal*, 556 U.S. at 662, 678; *see also Lum v. Penarosa*, 2 F. Supp. 2d 1291, 1294 (D. Haw. 1998) (dismissing claims that prisoner' was denied parole in violation of equal protection where he failed to "point[] to [any] other similarly situated inmate, or class of inmates who ha[d] been differently treated," and "presented no evidence [in his parole proceedings] of … [any] discriminatory intent").

## II.     Conclusion and Order

For the reasons explained, the Court:

1)     **DISMISSES** the First Amended Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1) for failing to state a § 1983 claim upon which relief can be granted; and

2)     **GRANTS** Plaintiff 60 days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted as to the Eighth and Fourteenth Amendment claims. Plaintiff's Second Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

///
///
///

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: July 27, 2021

Hon. Anthony J. Battaglia
United States District Judge