UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN EDWARDS, CDCR #V-17007,<br><br>                           Plaintiff,<br><br>vs.<br><br>DR. P. SHAKIBA, N. SCHARR, C/O BROWN, JOHN DOES 1 THROUGH 10,<br><br>                        Defendants. | Case No. 3:21-cv-00010-AJB-BLM<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

I.    **Introduction**

On January 4, 2021, Allen Edwards ("Plaintiff" or "Edwards"), who is proceeding pro se, was incarcerated at R.J. Donovan State Prison and filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

After initially denying Edwards in forma pauperis status, the Court granted Plaintiff's renewed Motion to Proceed in Forma Pauperis and dismissed Edwards's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1), and granted

him sixty days from the date of the dismissal Order to file a First Amended Complaint as to the Eighth and Fourteenth Amendment claims in Count Two only. ECF No. 17.

On June 28, 2021, Edwards filed a First Amended Complaint in which he alleged that two correctional officers, Scharr and Brown, improperly denied him special housing to which he was entitled because he is a developmentally disabled inmate. FAC, ECF No. 22 at 3. He also claimed he was injured as a result of Scharr and Brown moving him into general population. *Id.*

On July 27, 2021, the Court dismissed the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1), and gave Edwards sixty days from the date of the dismissal Order to file a Second Amended Complaint. ECF No. 23.

## II. Discussion

Edwards's Second Amended Complaint was due on or before September 27, 2021. To date, he has failed to amend, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## III. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute as required by Court's July 27, 2021 Order.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

    **IT IS SO ORDERED**.

Dated: October 7, 2021

Hon. Anthony J. Battaglia
United States District Judge